## JOHN M. PEARSON ET AL.
### v.
## CHRISTIAN ZEHR.

*Jurisdiction—Validity of Statute—Killing of Diseased Stock—Damages —Liability of Live Stock Commissioners.*

This court declines to review a judgment against the Board of Live Stock Commissioners for damages on account of horses killed on the ground that they had the glanders, the validity of a statute being involved.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREENE, Judge, presiding.

Messrs. PALMERS & SHUTT, for appellants.

Messrs. W. R. CURRAN, C. H. RADFORD and B. S. PRETTY-MAN, SR., for appellee.

CONGER, P. J. This was a suit instituted by appellee against appellants, who are the members of the Board of Live Stock Commissioners, to recover damages for four horses of appellee, killed by the order of appellants upon the ground that they were diseased with glanders. Verdict and judgment for appellee for the sum of $2,100 and costs.

All examination of this case, from whatever standpoint it is

considered, leads directly to an investigation and determination of the validity of the law under which appellants seek to justify their action.

If the law is to be sustained under the exercise of the power of eminent domain, then the fact that the law makes no adequate provision for compensation for the property destroyed raises a question at once as to its validity.

If the authority to destroy the property in question is to be placed under the police power of the State, then the constitutional question arises as to whether there is such an overruling necessity to destroy the property in question as to justify its exercise and destroy private rights without compensation.

We have no power to determine either of these questions, and believing, as we do, that they lie at the threshold of any adequate and proper consideration of the facts presented by this record, the appeal is dismissed.

The clerk will permit the record to be withdrawn if desired.

